[Crim. No. 2786.   Second Appellate District, Division One.—January 25, 1936.]

THE PEOPLE, Respondent, v. HENRY ANTHONY PODWYS, Appellant.

John A. Ellis and Henry G. Bodkin for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant was found guilty by the jury of four counts of robbery and one count of kidnaping for the purpose of robbery.   Present counsel were thereafter substituted, who now prosecute this appeal.

At the outset, it should be noted that appellant's brief contains the following:

"We submit that, although there is no single incident of error which, of itself would require a reversal, yet if, upon a consideration of the case as a whole, it appears substantial

justice was not done the defendant, the case should be reversed.''

Appellant's first contention, namely, that the verdict is contrary to the law and the evidence, is unsupported by the record and cannot be sustained.

The witness, Mr. Hobson, a prisoner from San Quentin prison, who testified against appellant at a former trial of appellant, when sworn to testify repudiated his former testimony and sought to vindicate defendant and appellant. The district attorney then cross-examined Mr. Hobson as a hostile witness and read from his former testimony. Before this testimony was read, however, the record reveals as follows:

''Mr. Glover (Dep. Dist. Atty.) : Mr. Cuff and I have gone over, as best we could, the testimony, your Honor; and we have agreed on certain portions that I might read at this time to the witness.

''The Court: Very well.

''Mr. Glover: And I understand counsel is going to stipulate that these portions may be read.

''Mr. Cuff (Dep. Pub. Def.) : Yes.

''The Court: All right.''

During the course of the cross-examination the following colloquy occurred:

''Mr. Cuff: I am willing to stipulate Mr. Hobson is thoroughly impeached; that he is as big a liar as the district attorney wants to make him out.

''The Court: Do you accept the stipulation, Mr. Glover?

''Mr. Glover: Yes, your Honor, we certainly do.''

This incident, appellant urges, ''justifies us in asking a reversal . . . because the whole transaction invaded the province of the jury''; and further, ''We also submit that the colloquy between counsel, . . . was conduct of counsel prejudicial to defendant.'' In other words, a reversal is now sought based on the joint misconduct of both the People's counsel and the defendant's counsel.

Approaching this proposition in all seriousness, it must be held that no prejudicial or reversible error was committed either by the court or counsel. Defendant was ably represented at the trial and both counsel should be complimented rather than criticised for refusing to sing the praises of a witness whom all that heard probably agreed was destitute

of honor, and was without conscience and remorse.. Present counsel, had they represented appellant at the trial, might have been able to find truth in the words and virtue in the character of Mr. Hobson; if so, it is appellant's misfortune that he was not so represented.

The defendant had a fair trial; the verdicts are supported by the evidence, and there are no prejudicial errors revealed in the record.

The judgment and the order by which the motion for new trial was denied are affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1936.